Dissenting 'Opinion.
Manning, C. J.
The interest of a wife in the community property, as owner, begins only after all the debts of the community are paid. If the community is insolvent, the wife has no succession guoad the community property. Neither the wife nor her heirs, she being dead, have any but a contingent and eventual interest in the community, and until the final discharge of the debts for which the community is liable, it cannot be known whether this contingent interest will eter become an absolute right. Hawley v. Crescent City Bank, 26 Annual, 230, and authorities there reviewed. Gally v. Dowling, 30 Annual, 323.
The husband, O’Brien, had mortgaged this property during the existence of the community. The mortgage debt was not wholly satisfied by its sale. There was therefore no residuum, and the wife, having no separate property, had no succession to be affected by privileges of any kind.
The undertaker’s claim for the funeral expenses of herself, and her children, is a sacred debt, enforceable against the surviving husband and father, but there is no succession property upon which it can operate. The relation of the husband to the community property differs in many respects from that of the wife. He is its head and master. He can mortgage and alienate it. Upon his death, the community being insolvent, it is treated as his succession, and the privileges established by law rest upon it, and will be recognized.
*456 But were it otherwise, how can a privileged creditor of the wife’s succession proceed in his own name against a fund that was never brought into her succession, and subject it to the payment of his claim? According to the Opponent’s theory, his claim is against her succession, and therefore he must prefer it against the representative of that succession. The mortgage creditor of -the husband is certainly not that representative.
The only foundation, upon which the claim can rest as a privilege, is the fact that the property sold was in whole or in part succession property of the wife. It is only as a privilege that it can rank a mortgage. When the Code assigns priority of rank to funeral expenses upon succession property over certain other claims, it necessarily means the funeral expenses of the owner of the property. If this property belongs to the succession of the wife, Alter is not administering it, and the only person who could claim of him that part of the fund which belongs to her succession, would be its representative, who would have to distribute it under the orders of the probate court.
I think the Opposition should be dismissed.
Behearing refused. ,